UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK MUCHA,

    Plaintiff,

v.                                                       Case No. 6:20-cv-805-Orl-37DCI

FEDERAL RESERVE BANK; and
WELLS FARGO BANK,

    Defendants.
_____

## **ORDER**

Plaintiff, proceeding *pro se*, sued Defendants. (Doc. 1 ("**Complaint**").) On *sua sponte* review, the Complaint is dismissed for failure to adequately allege subject matter jurisdiction and to comply with the Federal Rules of Civil Procedure.

Federal courts have the "power to decide only certain types of cases"—including those brought under the "Constitution, laws, or treaties of the United States" and those based on diversity jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000); 28 U.S.C. §§ 1331, 1332. Federal courts have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

First, Plaintiff has not adequately alleged a basis for this Court's jurisdiction. Plaintiff alleges subject matter jurisdiction exists under 28 U.S.C. § 1391 (Doc. 1, ¶ 2), but § 1391 concerns proper venue, not subject matter jurisdiction. *See* 28 U.S.C. § 1391.

Plaintiff states his case is "pursuant to The Administrative Procedure Act 5 U.S.C. § 701, et. seq., The Federal Reserve System 12 U.S.C. § 262–263, Margin Requirements 15 U.S.C. § 78g Lower and Higher Margin Requirements." (Doc. 1, ¶ 1.) But the Complaint lacks a statement of claims and has a brief background section, so it's unclear which, if any, federal statutes apply to his claims. (*See id.* ¶¶ 6–12); 28 U.S.C. § 1331. And Plaintiff has not alleged Defendant's citizenship to establish diversity jurisdiction under § 1332. (*See* Doc. 1, ¶¶ 4–5); 28 U.S.C. § 1332.

Second, Plaintiff's Complaint violates the Federal Rules of Civil Procedure. Because Plaintiff failed to adequately allege a basis for the Court's jurisdiction, the Complaint doesn't comply with Rule 8(a), which requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). And because Plaintiff failed to sign the Complaint (*see* Doc. 1, p. 2), the Complaint violates Rule 11(a), which states "[e]very pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Notwithstanding Plaintiff's *pro se* status, the Federal Rules of Civil Procedure still apply. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that even *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Should Plaintiff elect to amend, the amended complaint must clearly identify the basis for the Court's subject matter jurisdiction and comply with the Federal Rules of Civil Procedure. Before doing so, Plaintiff is encouraged to consult the resources available

to *pro se* litigants on the Court's website.[1]

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff Mark Mucha's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Tuesday, **May 26, 2020**, Plaintiff may file an amended complaint correcting the deficiencies identified in this Order. Failure to timely file will result in the closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 12, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* party

---

[1] http://www.flmd.uscourts.gov/litigants-without-lawyers.